UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **DENNIS R. SPURGEON** | **CIVIL ACTION NO.: 11-1807** |
| **VERSUS** | **JUDGE HAIK** |
| **SWIFT GROUP, LLC AND CALVIN J. LELEUX** | **MAGISTRATE JUDGE HILL** |

## REASONS FOR JUDGMENT

### I. Facts

Prior to the initiation of this action, Plaintiff, Dennis Spurgeon, entered into a settlement agreement with both Defendants, wherein Plaintiff agreed to specified payments in consideration for his 40% membership interest in Swift Group, LLC, which was ultimately acquired by Calvin Leleux.[1] Specifically, Defendants Swift Group and Leleux agreed that Plaintiff would receive three installment payments: (1) $200,000 on July 5, 2011; (2) $300,000 on August 5, 2011; (3) $500,000 on September 5, 2011. Defendants Swift Group and Leleux also agreed that if the payment terms of the contract were not fulfilled, then the 40% membership interest would revert back to Plaintiff and that the initial membership transfer would be considered dissolved as of September 20, 2002.[2] Defendants paid Plaintiff his first installment payment, but failed to make the last two payments.

On October 11, 2011, Plaintiff filed the instant action for breach of the settlement agreement, and for specific performance of the contract, i.e., reversion of his 40% interest in Swift Group and dissolution of the membership transfer. On December 2, 2011, Defendants filed an Amended Answer, admitting to the factual allegations in Plaintiff's Complaint, but asserting an affirmative defense that the settlement agreement "is not a valid agreement upon which relief can be granted." Now, Plaintiff brings this Motion for Judgment on the Pleadings, arguing that the Complaint and Answer evidence a clear breach of contract from which judgment should be entered in his favor.

### II. Plaintiff's Contentions

Plaintiff contends that the information provided in the Complaint, with the settelemt agreement attached, along with Defendants' stipulations in their Answer is sufficient to show a

---

[1] A copy of the executed settlement agreement, signed by all parties to this action, is attached to Plaintiff's Complaint.
[2] The settlement agreement also requires Defendants "to do any other acts to cause a 40% membership interest in Swift Group, LLC to be transferred back to Mr. Spurgeon."

1

breach of contract. Specifically, the settlement agreement outlines a list of payments to be made to Plaintiff on specific dates, and Defendants' Answer concedes the payments of August 5, 2011 and September 5, 2011 were not made. The settlement agreement states that if payment is not made, the interest in Swift Group reverts back to Plaintiff. Accordingly, Plaintiff prays that judgment for breach of contract and specific performance be entered in its favor, declaring that Plaintiff is the owner of 40% membership interest in Swift Group and requiring Defendants to transfer those interests back to Plaintiff. Plaintiff also requests that the Court allow him to establish additional damages as allowed by Louisiana Civil Code article 1986.

### III. Defendants' Opposition

Defendants' opposition hinges on the argument that the settlement agreement is not valid, and therefore, judgment should not be entered in Plaintiff's favor. In support of its argument, Defendants attached numerous extrinsic exhibits.[3] Specifically, Defendants argue that the settlement agreement is invalid for two reasons. First, Defendants argue that Defendant Leleux no longer owns an interest in Swift Group, and as such, Defendant Leleux could not possibly revert the shares to Plaintiff.

Second, Defendants argue that the settlement agreement is in violation of the LLC's Operating Agreement. Specifically, the Operating Agreement does not give Leleux authority to enter into any settlement agreement where he would transfer his interest. Furthermore, Clause 9 of the Operating Agreement generally prohibits transferring or selling a membership interest in the LLC to anyone who is not a family member or affiliate, which Plaintiff is neither. An exception to that rule, in Clause 10, allows a transfer of interest for security purposes so long as the member remains the legal owner of the membership interest. Since Defendant Leleux no longer remains the legal owner of the interest, the settlement agreement is not valid. Accordingly, Defendants argue that judgment should not be entered in Plaintiff's favor.

### IV. Analysis

#### A. <u>Judgment On The Pleadings Standard</u>

Federal Rule of Civil Procedure 12(c) provides that "after the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." A motion for judgment on the pleadings is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings. A judgment on the pleadings should be granted after finding that "no facts which could be developed at trial which could change the legal result. . . ." *Sourjouner v. Roemer*, 772 F. Supp. 930, 931 (E.D. La. 1991).

---

[3] The Court will not consider these exhibits in regard to Plaintiff's motion for Judgment on the Pleadings.

**B.     More Briefing And Evidence Is Required Regarding Defendants' Affirmative Defense**

There is clearly a breach of the settlement agreement here. However, as noted, Defendants asserted an affirmative defense stating that the settlement agreement at issue is invalid. Although the Court is highly skeptical of this argument, more briefing on the issue is required. As such, facts could be developed at trial that could change the legal result of this case, making a judgment on the pleadings improper at this stage of litigation.

## V. Conclusion

The Court has reviewed the record and considered Plaintiff's Motion for Judgment on the Pleadings. The record reveals that Defendants have asserted an affirmative defense that requires more evidence and briefing. Accordingly, entering judgment for Plaintiff at this time would be improper.

For the reasons set forth above, Plaintiff's Motion for Judgment on the Pleadings [Doc. 16] is hereby **DENIED**.

THUS DONE AND SIGNED at Lafayette, Louisiana on this ___24th___ day of January, 2012.

_____
HONORABLE RICHARD T. HAIK, SR.
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA