UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

DENNIS R. SPURGEON                    CIVIL ACTION NO. 6:11-cv-01807

VERSUS                               JUDGE JAMES

CALVIN J. LELEUX, ET AL.              MAGISTRATE JUDGE HANNA

## ORDER

Currently pending is the motion to strike the plaintiff's third amended and restated complaint (Rec. Doc. 111), which was filed by defendants Swift Group, LLC and Calvin J. Leleux.  For the following reasons, the motion is DENIED.

## BACKGROUND

In 2002, plaintiff Dennis R. Spurgeon allegedly sold his 40% interest in Swift Ships, LLC. to Calvin Leleux and Robert Ness, but they allegedly did not pay him the purchase price.  In 2011, Mr. Spurgeon and his wife, Mr. Leleux, and four Swift-Group-affiliated companies allegedly entered into a settlement agreement.  Under that agreement, Mr. Spurgeon was to be paid a certain amount in installments or, if the payments were not made, the 40% membership interest in Swift Group, LLC was to be returned to Mr. Spurgeon.  The complaint filed in this lawsuit alleges that the installment payments were not made, and Mr. Spurgeon seeks to have his 40% interest in the company returned to him.

Subsequent events allegedly made return of the membership interest to Mr. Spurgeon impossible.  The third amended complaint alleges that ICS Nett, Inc. is now the alter ego of Swift Group.  It also alleges that ICS Nett purchased a judgment in favor of BLX and against Swift Group, its subsidiaries, Mr. Leleux, and Mr. Spurgeon and has tried to enforce that judgment against Mr. Spurgeon.  It is alleged that ICS Nett controls Swift Group's assets, finances, and activities.

Swift Group's operating agreement allegedly states that Swift Group will indemnify Mr. Spurgeon for any and all liability and damages he may incur as a member of Swift Group.  The complaint also alleges that Swift Group has not indemnified Mr. Spurgeon but has, instead, taken steps to encourage BLX to enforce its judgment against Mr. Spurgeon.  The complaint further alleges that a separate 2010 agreement requires that Swift Group indemnify Mr. Spurgeon against any demands or damages related to the BLX litigation.

The defendants filed the instant motion, seeking to strike the third amended complaint because it adds ICS Nett as a defendant, alleges that ICS Nett is Swift Group's alter ego, continues to seek specific performance of the settlement agreement, and seeks declaratory judgment on the BLX judgment.

## ANALYSIS

Federal Rule of Civil Procedure 12(f) states: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A court may do so in response to a party's motion or on its own motion.[1] Deciding whether to strike all or a portion of a pleading lies within the court's discretion.[2] A motion to strike under Rule 12(f) "is a drastic remedy to be resorted to only when required for the purposes of justice."[3] Accordingly, Rule 12(f) motions to strike are viewed with disfavor, and are infrequently granted.[4]

Redundant matter consists of allegations that constitute a needless repetition of other averments in the pleading.[5] Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded.[6]

---

[1]      Fed. R. Civ. P. 12(f).

[2]      *In re Beef Industry Antitrust Litigation*, MDL Docket No. 248, 600 F.2d 1148, 1168–69 (5th Cir. 1979) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1382 at 807 (1969)). See, also, *Cambridge Toxicology Group, Inc. v. Exnicios*, 495 F.3d 169, 178 (5th Cir. 2007).

[3]      *Augustus v. Bd. of Pub. Instruction of Escambia County, Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) (quoting *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)).

[4]      *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982); C. Wright & A. Miller, 5C Fed. Prac. & Proc. 3d § 1380.

[5]      C. Wright & A. Miller, 5C Fed. Prac. & Proc. 3d § 1382.

[6]      C. Wright & A. Miller, 5C Fed. Prac. & Proc. 3d § 1382.

Immateriality is established by showing that the challenged allegations "can have no possible bearing upon the subject matter of the litigation."[7]   Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question; while scandalous matter is that which improperly casts a derogatory light on someone, most typically on a party to the action.[8]   "The granting of a motion to strike scandalous matter is aimed, in part, at avoiding prejudice to a party by preventing a jury from seeing the offensive matter or giving the allegations any other unnecessary notoriety inasmuch as, once filed, pleadings generally are public documents and become generally available."[9]   Therefore, a motion to strike should be granted only when "the allegations are prejudicial to the defendant or immaterial to the lawsuit."[10]

This Court finds that there is nothing in the plaintiff's third amended and restated complaint that is redundant, impertinent, immaterial, or scandalous. Accordingly, the motion is denied.  However, to the extent that the defendants may have raised any issues in their motion to strike that are not appropriately raised in a

---

[7]     *Bayou Fleet Partnership, LLC v. St. Charles Parish*, No. 10–1557, 2011 WL 2680686, at *5 (E.D. La. July 8, 2011).

[8]     C. Wright & A. Miller, 5C Fed. Prac. & Proc. 3d § 1382.

[9]     C. Wright & A. Miller, 5C Fed. Prac. & Proc. 3d § 1382.

[10]     *Eubanks v. Jordan*, No. 05–1532, 2006 WL 1476111, at *1 (W.D. La. May 26, 2006).

motion to strike but should be considered by the court, the defendants will be afforded a thirty-day time period in which to file a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

Having found that there is nothing redundant, impertinent, immaterial, or scandalous in the plaintiff's third amended and restated complaint,

IT IS ORDERED that the defendants' motion to strike (Rec. Doc. 111) is DENIED.

IT IS FURTHER ORDERED that the denial of the motion to strike is without prejudice to the defendants' right to file a Fed. R. Civ. P. 12(b)(6) motion to dismiss, should that be deemed appropriate and necessary; however, any such Rule 12(b)(6) motion shall be filed not later than February 9, 2017.

IT IS FURTHER ORDERED that the oral argument on the motion to strike, which had previously been scheduled for January 24, 2017, is CANCELED.

Signed at Lafayette, Louisiana, on January 10, 2017.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE