UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| DENNIS R. SPURGEON | * | CIVIL ACTION NO. 6:11-cv-01807 |
| | * | |
| VERSUS | * | JUDGE TERRY A. DOUGHTY |
| | * | |
| SWIFT GROUP, L.L.C. | * | MAG. JUDGE PATRICK J. HANNA |
| AND CALVIN J. LELEUX | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### PLAINTIFF'S SUPPLEMENTAL PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

PURSUANT to the Court's Minutes (Doc. 167) dated October 15, 2018, plaintiff, Dennis R. Spurgeon ("Spurgeon"), respectfully submits the following supplement to his initial Proposed Findings of Fact and Conclusions of Law:

### Supplemental Findings of Fact

(31)     Paragraph 15 of plaintiff's Fourth Supplemental and Amended Complaint alleges that: "The principals of ICS Nett, Shehraze Shah, Khurram Shah, created additional entities: ICS Marine, Inc. (now out of business), Swiftships Shipbuilders, LLC, Swiftships, LLC and Swiftships Group, Inc. and used these interests to take ownership of the assets of Swift Group, LLC and its subsidiaries.  The acquisition and distribution of these assets was handled as an 'asset purchase' in an effort to defraud various entities that were owed debt by Swift Group, LLC and its subsidiaries.   The so-called purchase was financed by ICS Nett.  Essentially, all these companies are a single business enterprise and were created and used solely to defraud creditors of Swift Group, LLC."  Plaintiff has alleged that all the defendant entities are the alter egos of each other, or the alter egos of one another.

(32) The Asset Purchase Agreement between Swift Group, LLC and Swiftships, LLC occurred on January 1, 2014. In that transaction, Swiftships, LLC purchased all of the assets of Swift Group, LLC but assumed none of the liabilities.

(33) The Asset Purchase Agreement between Swiftships Shipbuilders, LLC and Swift Group, LLC also occurred on January 1, 2014. In that transaction, Swiftships, LLC purchased all of the assets of Swiftships Shipbuilders, LLC but did not assume most of the debt. Much of the debt that was assumed was related to future expenses to be paid in constructing contracts to build Navy vessels, which contractual rights were purchased in the agreement.

(34) The U.S. Navy novated the contracts to Swiftships, LLC in August and/or September of 2014. The defendants in this matter failed to notify the U.S. Navy that Spurgeon had a claim and lawsuit pending against Swift Group, LLC.

(35) When the Asset Purchase Agreement was signed between BLX and ICS Nett, Inc. on September 12, 2014, Shehraze Shah owned and controlled ICS Nett, Inc. and was CEO and majority shareholder of Swiftships, LLC.

(36) After the purchase of Swift Group, LLC's assets and Swiftships Shipbuilders, LLC's assets, Swiftships, LLC continued the operations of Swift Group, LLC and Swiftships Shipbuilders, LLC.

(37) The purchase of assets from Swift Group, LLC and Swiftships Shipbuilders, LLC by Swiftships, LLC was to avoid the liabilities of Swift Group, LLC and Swiftships Shipbuilders, LLC.

(38) After purchasing the BLX debt, ICS Nett scheduled the judgment debtor examination of Spurgeon and offered to forgive the debt if Spurgeon would dismiss all claims against the defendants in this case.

(39)     The purchase of the BLX debt by ICS Nett was intended to protect Calvin Leleux and to defraud Spurgeon.

(40)     The acts of the defendants violate the Louisiana Unfair Trade Practices Act.

## Supplemental Conclusions of Law

(15)     The defendants, Swift Group, LLC, Swiftships Shipbuilders, LLC, Swiftships, LLC, Swiftships Group, Inc. and ICS Nett, Inc., are the alter egos of each other and are, therefore, liable for the debts of Swift Group, LLC.

(16)     Under Louisiana law, when a corporation sells all of its assets to another, the latter is not responsible for the seller's debts or liabilities, except where (1) the purchaser expressly or impliedly agrees to assume the obligations; (2) the purchaser is merely a continuation of the selling corporation; or (3) the transaction is entered into to escape liability. In the facts presented in this case, Swiftships, LLC would be considered the alter ego of Swift Group, LLC and its subsidiary, Swiftships Shipbuilders, LLC and liable for all their debts.[1]

(17)     ICS Nett purchased the BLX debt for the purpose of defrauding Spurgeon.

(18)     Defendants, Calvin Leleux, Jeffrey Leleux, Shehraze Shah and Khurram Shah conspired to defraud Spurgeon of what was due to him from Swift Group, LLC and Swiftships Shipbuilders, LLC.

(19)     The acts of the defendants constitute "unfair and deceptive acts or practices in the conduct of any trade or commerce" as prohibited by La. R.S. §51:1405(A) (LUTPA).

---

[1] See Judge Brady's discussion of the law regarding successor company liability in *AMEC Construction Management, Inc. v. Fireman's Fund Ins. Co.*, 13-718 (M.D. LA 5/9/2014), 2014 WL 1875264. "Louisiana law follows the basic principle of successor liability announced in *Golden State Bottling Co. v. NLRB*, 414 U.S. 168 (1973). See *Pichon*, 52 So.3d at 243. Specifically, [T]he general rule of corporate liability is that, when a corporation sells all of its assets to another, the latter is not responsible for the seller's debts or liabilities, except where (1) the purchaser expressly or impliedly agrees to assume the obligations; (2) the purchaser is merely a continuation of the selling corporation; or (3) the transaction is entered into to escape liability."

Respectfully submitted,

/s/ Joseph R. Ward, Jr._____
JOSEPH R. WARD, JR. (#08166)
WARD & CONDREY, LLC
409 E. Boston Street, Suite 200
Covington, Louisiana 70433
Telephone: (985) 871-5223
Facsimile: (985) 400-5661

## CERTIFICATE OF SERVICE

I do hereby certify that on October 26, 2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all those who are on the list to receive electronic mail notices for this case.

/s/ Joseph R. Ward, Jr._____
JOSEPH R. WARD, JR.